DA 12-0719

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 264

IN RE THE ESTATE OF:

DOROTHY McGILLIS GOPHER,

      Deceased.

APPEAL FROM:    District Court of the Eighth Judicial District,
                      In and For the County of Cascade, Cause No. ADP-10-0127
                      Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Melinda Gopher (Self-Represented); Blair Gopher (Self-Represented);
                Missoula, Montana

                Glenn Robert Gopher (Self-Represented); Miranda Gopher
                (Self-Represented); Mary Gopher-Parenteau (Self-Represented);
                Great Falls, Montana

        For Appellee:

                Neal P. DuBois; Sutton & DuBois, PLLC; Great Falls, Montana

                                Submitted on Briefs:  August 7, 2013

                                          Decided:   September 17, 2013

Filed:

                            _____
                                  Clerk

Justice Patricia O. Cotter delivered the Opinion of the Court.

¶1 Melinda Gopher, Blair Gopher, Glenn R. Gopher, Miranda Gopher, and Mary Gopher-Parenteau (hereinafter "the siblings") appeal the order of the Eighth Judicial District Court, Cascade County, appointing five co-trustees to a charitable trust with a ceremonial tribal flag as the trust property. The siblings challenge the District Court's assumption of jurisdiction over the probate of the estate of their mother, Dorothy McGillis Gopher (the Estate), an enrolled member of the Blackfeet Tribe who lived in Cascade County and whose estate property, the flag, was located in Cascade County. The siblings assert that this estate matter belongs in the Blackfeet Tribal Court. Appellee Mike Gopher, brother of the siblings, asserts jurisdiction in the District Court is proper. We affirm.

## ISSUE

¶2 A restatement of the dispositive issue on appeal is:

¶3 Did the District Court err when it assumed subject matter jurisdiction over the Estate of Dorothy Gopher?

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Dorothy McGillis Gopher died intestate on October 2, 2008. Dorothy was an enrolled member of the Blackfeet Tribe, and at the time of her death, she was domiciled in Cascade County, Montana. Dorothy was survived by seven children: Glenn, Thane (since deceased), Mike, Blair, Miranda, Melinda, and Mary. Dorothy's estate consisted of one asset, a thirteen-star flag known as the "Ojibwe Peace Flag." The flag has been

2

held by successive individuals since an unknown date, beginning with an Indian individual named Ah-On-Te-Ways. Eventually, in 1946, Mary Chippewa Gopher received possession of the flag. Following Mary's death in 1965, her son Robert Gopher possessed the flag. When Robert died in 1998, his wife Dorothy took possession of the flag. Robert's will specified that Dorothy was to pass on the flag to one of their sons when he became of age, but Dorothy did not do so. Thus, when Dorothy passed away, the Estate obtained possession of the flag.

¶5 Mike Gopher filed an application for informal probate in the District Court on July 22, 2010. For the next two years, the District Court dealt with the family dispute that accompanied the Estate administration. On August 5, 2012, several of the Gopher siblings filed a petition before the Blackfeet Tribal Court to name Blair Gopher and Melinda Gopher as personal representatives in their parents' estates. Glenn Gopher and Melinda Gopher then filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction in District Court on August 15, 2012, and filed the same motion again on August 24, 2012. On October 30, 2012, the Blackfeet Tribal Court issued an order asserting exclusive jurisdiction over the Estate. Meanwhile, proceedings in the District Court continued, and on November 1, 2012, the District Court denied the motions to dismiss.

¶6 On November 2, 2012, the District Court issued its Findings of Fact, Conclusions of Law, and Order. The District Court found that Ah-On-Te-Ways had been the trustor and first trustee of a charitable trust with the flag as trust property and that all subsequent possessors of the flag had been successor trustees. The District Court found that the Estate would be unjustly enriched if it retained possession of the flag since the flag is for

3

the benefit of the entire Ah-On-Te-Ways Band, not solely Dorothy's heirs. To facilitate the transfer of the flag to a successor trustee, the District Court imposed a constructive trust on the Estate, appointed five co-trustees, and ordered the Estate to transfer the flag to the co-trustees. The District Court concluded as a matter of law that it had jurisdiction over the parties and subject matter and that venue was proper as Dorothy died while domiciled in Cascade County.

¶7 The siblings filed the appeal in this case on November 30, 2012. On February 26, 2013, the Blackfeet Tribal Court issued an order stating that "this matter has evolved into a dispute over personal property" and the tribal court "does not assert subject matter jurisdiction over the thirteen star flag at this time as the dispute has never been within this court's jurisdiction."

¶8 The siblings argue that Dorothy Gopher was the owner of trust property within the exterior boundaries of the Blackfeet Indian Reservation, the flag was part of the residual property owned by Dorothy, and the Blackfeet Tribe has exclusive jurisdiction over probate proceedings involving tribal members, whether or not they lived on the reservation, under the Blackfeet Law and Order Code. Furthermore, they argue the District Court's assumption of jurisdiction unlawfully infringed on the Blackfeet Tribe's right of tribal self-government and violated the American Indian Religious Freedom Act. Though they note that the Blackfeet Law and Order Code does allow a tribal court to relinquish its jurisdiction to a state court, they argue the Blackfeet Tribal Court asserted exclusive jurisdiction over the Estate. They ask that we reverse the District Court's order and allow the matter to conclude pursuant to Blackfeet Tribal jurisdiction.

4

¶9 Mike Gopher urges us to affirm the District Court. Mike argues that his siblings filed the probate action in Blackfeet Tribal Court in an attempt to "subvert" the District Court proceedings. Mike points to the February 26, 2013 Blackfeet Tribal Court order refusing to assert subject matter jurisdiction, and argues that the siblings failed to file a proper brief addressing this order even though this Court issued an Order in March granting them time to do so. Mike further argues that the flag has no ties to the Blackfeet nation and that there is no evidence of its religious significance.

## STANDARD OF REVIEW

¶10 We review de novo a district court's ruling on a motion to dismiss for lack of subject matter jurisdiction. *In Re Est. of Big Spring*, 2011 MT 109, ¶ 20, 360 Mont. 370, 255 P.3d 121.

## DISCUSSION

¶11 *Did the District Court err when it assumed subject matter jurisdiction over the Estate of Dorothy Gopher?*

¶12 As a preliminary matter, motions to dismiss for lack of subject matter jurisdiction may be raised at any time by any party, and a court must dismiss an action if it determines that it lacks subject matter jurisdiction. M. R. Civ. P. 12(h)(3). A state court's exercise of jurisdiction is improper if it is preempted by federal law or if it infringes on tribal self-government. *Big Spring*, ¶ 46.

¶13 At issue is whether the District Court's assumption of subject matter jurisdiction infringed on tribal self-government. To resolve the issue, we look to the Blackfeet Tribal Court's February 26, 2013 order. Judicial notice of laws may be taken at any stage of the

5

proceedings. Section 26-10-202(f)(1), MCA. Our Rules of Evidence include a non-exhaustive list of the kinds of law appropriate for judicial notice and provide that a court may take judicial notice of "[r]ecords of any court of this state or of any court of record of the United States or any court of record of any state of the United States." Section 26-10-202(b)(6), MCA. A tribal court order, though not expressly listed in the rule, is a record analogous to those listed in § 26-10-202(b)(6), MCA, and is thus law of which we may take judicial notice. We note that the order was not filed until after the siblings had filed their opening brief. However, as the siblings do not take issue with the genuineness of the order, we take judicial notice of the tribal court order.

¶14 In its order, the Blackfeet Tribal Court unequivocally declined to assert subject matter jurisdiction with respect to the flag, the subject of this appeal. The Blackfeet Tribal Court noted that the "flag is located in Cascade County and has never been on the Blackfeet reservation" and Dorothy was domiciled in Cascade County at the time of her death. The Blackfeet Tribal Court stated it "will not accept any further filings from the Gopher family in regards to the thirteen star flag until they have prevailed in their litigation in the State Court." No evidence supports the siblings' argument that the Blackfeet Tribal Court's decision was made "prematurely or through error." Because the Blackfeet Tribal Court has expressly declined to assert jurisdiction over the Estate property, it is clear that the District Court did not unlawfully infringe on the Blackfeet Tribe's right of tribal self-government. Moreover, because Dorothy resided in Cascade County at the time of her death and the corpus of the Estate is located in Cascade County,

6

venue was proper, and the District Court did not err when it assumed jurisdiction over the probate of the Estate. Sections 72-1-202(1)(a), 72-3-111(1), -112(1)(a)-(b), MCA.

**CONCLUSION**

¶15    For the foregoing reasons, we affirm the District Court's decision.


/S/ PATRICIA COTTER


We Concur:

/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ BRIAN MORRIS
/S/ JIM RICE