FILED

08/18/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 19-0596

DA 19-0596

IN THE SUPREME COURT OF THE STATE OF MONTANA

2020 MT 210

JEFF GOTTLOB, ELAINE MITCHELL, JAMES CHILDRESS,
and all others similarly situated,

      Plaintiffs and Appellees,

    v.

MICHAEL DesROSIER, RON RIDES AT THE DOOR,
TOM McKAY, DON WILSON, GALEN GALBREATH,
and GLACIER COUNTY,

      Defendants and Appellants,

   and

STATE OF MONTANA,

      Defendant.

APPEAL FROM:    District Court of the Ninth Judicial District,
In and For the County of Glacier, Cause No. DV-17-19
Honorable Gregory G. Pinski, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Kirk D. Evenson, Marra, Evenson & Levine, P.C., Great Falls, Montana

          Terryl T. Matt, Glacier County Attorney, Cut Bank, Montana

      For Appellees:

          Lawrence A. Anderson, Attorney at Law, Great Falls, Montana

Submitted on Briefs:  June 24, 2020
Decided:  August 18, 2020

Filed:

<u>                                                       </u>
Clerk

Justice Dirk Sandefur delivered the Opinion of the Court.

¶1 Defendants Glacier County, *et al.* (collectively "County Officials" or the "County") appeal from the September 12, 2019, judgment of the Montana Ninth Judicial District Court denying their motion to dismiss claims asserted against the County in the Plaintiffs' Fourth Amended Complaint due to lack of subject matter jurisdiction. The narrow issue on interlocutory appeal is:

> *Whether the District Court erroneously denied Defendants' Rule 12(b)(1) motion to dismiss the Plaintiffs' claims against the County due to lack of subject matter jurisdiction?*

We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2 This is now the fourth case arising from the ongoing dispute between Plaintiffs Jeff Gottlob, *et al.*, and the County, specifically including its individual Commissioners and Treasurer, and regarding alleged financial mismanagement and non-compliance with government budgeting, auditing, and tax laws in 2015-2018.[1] We accordingly set forth

---

[1] See *Mitchell v. Glacier County*, No. DA 19-0440, 2020 MT 173N, 2020 Mont. LEXIS 1992 (affirming Rule 12(b)(6) dismissal of various tort and related statutory and constitutional claims against county and county officials in re administrative professional licensing complaint filed against plaintiff by an individual county official); *DesRosier v. Mont. Ninth Judicial Dist. Court*, No. OP 18-0721, 395 Mont. 523, 437 P.3d 113 (table) (Feb. 19, 2019) (exercise of supervisory control vacating writ of mandamus compelling county treasurer to recognize certain attempted property tax protests for deposit in property tax protest fund pursuant to § 15-1-402(1), MCA); *Mitchell v. Glacier Cty.*, 2017 MT 258, 389 Mont. 122, 406 P.3d 427 (holding that taxpayers lacked standing to compel state and county compliance with asserted statutory budgeting and auditing requirements or for declaratory judgment of non-compliance with governing auditing, budgeting, and tax laws).

3

only the factual and procedural background necessary to address the narrow issue presented.

¶3 On July 19, 2019, Plaintiffs filed their Fourth Amended Complaint asserting various claims against the County and County Officials which we construe and summarize as follows:

(1) Count 1: claim for declaratory judgment pursuant to §§ 15-1-406(1)(b), (5), and 27-8-101, MCA (declaratory judgment remedy for property tax challenges and Uniform Declaratory Judgment Act), that the County Officials disbursed protested taxes prior to a final determination of the action in violation of § 15-1-402(4)(a), MCA (maintenance of protested property taxes in protest fund until final determination);

(2) Counts 2 and 4 (alternative remedies): claim for declaratory judgment pursuant to § 15-1-406(1)(b), MCA, that County Officials levied taxes for tax years 2015-2017 in violation of §§ 7-6-4020, -4021, and -4030, MCA, with prayer for property tax refunds pursuant to § 15-1-408(1), MCA (Count 2), or ensuing tax year levy reduction pursuant to § 15-1-408(2), MCA (Count 4);

(3) Count 3: claim for declaratory judgment pursuant to § 27-8-101, MCA (Uniform Declaratory Judgment Act), that County Officials owe common law fiduciary duties to taxpayers and that they breached those duties by:

(A) disbursing or "liquidat[ing]" protested property taxes in violation of § 15-1-402(4)(a), MCA;

(B) spending in excess of the County's budget authority in violation of §§ 7-6-4005(1), -4033, -4034(1), and (2), MCA; and

(C) levying taxes and spending in violation or in excess of their budget authority for tax years 2015-2019 in violation of §§ 7-6-4005(1), -4006(2), -4020, -4021, -4024, -4030, -4033, -4034(1), -4036, and 15-10-420, MCA;

(4) Count 5: claim for declaratory judgment pursuant to § 27-8-101, MCA (Uniform Declaratory Judgment Act), that the Single Audit Act (§ 2-7-501, *et seq.*, MCA) is unconstitutional in violation of "the substantive due process

4

guarantees" of the Montana and United States constitutions, the Montana constitutional "right-to-a-remedy guarantee," and the Montana constitutional "strict accountability guarantee";

(5)　Count 6: claim for specified class action certification pursuant to M. R. Civ. P. 23(a), (b)(2), (b)(3), or (c)(4), MCA;

(6)　Count 7: claim for common fund assessment of litigation costs and attorney fees;

(7)　Count 8: claim for judicial invalidation of "all Glacier County decisions" in violation §§ 7-6-4020, -4021, -4030, -4034, and -4036, MCA, made in violation of the plaintiffs'/class members' rights "to know and to participate" under Article II, Sections 8-9 of the Montana Constitution, and §§ 7-6-4021 and -4030, MCA; and

(8)　Count 9: claim for private attorney general attorney fees-shifting based on private enforcement of Article VIII, Section 12; Article II, Sections 8-9 of the Montana Constitution; and § 15-1-402(4)(a), MCA.

Counts 1-4 further seek declaratory judgment that the named County Commissioners are each personally liable for the alleged illegalities pursuant to § 7-6-4005, MCA.

¶4　Pursuant to M. R. Civ. P. 12(b)(1), the County sought dismissal of the County-focused claims[2] due to lack of subject matter jurisdiction. The County asserted that subject matter jurisdiction was lacking because no express or implied right or remedy exists for private enforcement of the statutory duties and requirements asserted by Plaintiffs as the legal predicates for those claims. Plaintiffs contrarily asserted that §§ 15-1-406 through -408, MCA, provide an express or implied private right and related remedies for

---

[2] The County's Rule 12(b)(1) motion did not challenge the existence of subject matter jurisdiction regarding Plaintiffs' claim for declaratory judgment that the Montana Single Audit Act is unconstitutional on various asserted state and federal constitutional grounds (Count 5).

enforcement of the asserted provisions of the Single Audit and Local Government Budget Acts. Siding with Plaintiffs, the District Court denied the Rule 12(b)(1) motion on the stated ground that §§ 15-1-406 through -408, MCA, provide an express private right and related remedies, and thus related subject matter jurisdiction, for enforcement of the subject Audit and Budget Act provisions as they relate to or bear on whether, as referenced in § 15-1-406(1)(b), MCA, a taxing entity illegally or unlawfully imposed a tax or imposed a tax in excess of taxing authority. The County timely appeals.

## STANDARD OF REVIEW

¶5 Whether a court lacks subject matter jurisdiction to adjudicate a controversy is a question of law reviewed de novo for correctness. *Harrington v. Energy W. Inc.*, 2015 MT 233, ¶ 7, 380 Mont. 298, 356 P.3d 441.

## DISCUSSION

¶6 *Whether the District Court erroneously denied Defendants' Rule 12(b)(1) motion to dismiss the Plaintiffs' claims against the County due to lack of subject matter jurisdiction?*

¶7 Subject-matter jurisdiction is the threshold authority of a court to consider and adjudicate particular types or classes of cases, controversies, or proceedings regardless of the procedural or substantive sufficiency of particular claims. *Stowe v. Big Sky Vacation Rentals, Inc.*, 2019 MT 288, ¶ 12, 398 Mont. 91, 454 P.3d 655 (distinguishing subject matter jurisdiction from failure to state a claim); *Larson v. State*, 2019 MT 28, ¶¶ 17-19, 394 Mont. 167, 434 P.3d 241 (distinguishing between subject matter jurisdiction, justiciability, and substantive cognizability); *Harrington*, ¶ 13; *Lorang v. Fortis Ins. Co.*,

6

2008 MT 252, ¶ 57, 345 Mont. 12, 192 P.3d 186; *Ballas v. Missoula City Bd. of Adjustment*, 2007 MT 299, ¶¶ 15-16, 340 Mont. 56, 172 P.3d 1232 (distinguishing subject matter jurisdiction from standing); Restatement (Second) of Judgments § 11 cmt. e (Am. Law Inst. 1982) (distinguishing subject matter jurisdiction from matters of procedure and substantive merit). Subject matter jurisdiction is subject to challenge or review at any time on motion, or *sua sponte* by the court, and cannot be established or maintained by consent or waiver of the parties. *Stanley v. Lemire*, 2006 MT 304, ¶¶ 31-32, 334 Mont. 489, 148 P.3d 643; *Sage v. Gamble*, 279 Mont. 459, 463, 929 P.2d 822, 824 (1996); *Corban v. Corban*, 161 Mont. 93, 96, 504 P.2d 985, 987 (1972). An asserted claim for relief is thus subject to dismissal due to lack of subject matter jurisdiction over that type of claim. M. R. Civ. P. 12(b)(1). Under Rule 12(b)(1), the court must generally take all well-pled factual assertions as true in the light most favorable to the claimant and then dismiss only if the claim, as pled, is not of a type or within a class of claims the court has threshold authority to consider and adjudicate. *Stowe*, ¶ 12.[3]

¶8      "The subject matter jurisdiction of Montana district courts derives exclusively from Article VII, Section 4, of the Montana Constitution" and conforming statutes. *Larson*, ¶ 17; *Stanley*, ¶ 52. District courts thus have subject matter jurisdiction over "all civil matters and cases at law and in equity." Mont. Const. art. VII, § 4(1).

---

[3] If subject matter jurisdiction turns on disputed facts and adjudication of those facts will not touch on the merits of the claim at issue, the court has discretion to determine jurisdiction based on evidence presented outside the complaint by affidavit or limited evidentiary hearing. *Harrington*, ¶¶ 9-11.

7

*Accord* § 3-5-302(1)(b)-(c), MCA (district court jurisdiction over "all civil and probate matters" and "all cases at law and in equity"). Here, regardless of procedural or substantive sufficiency, the County claims pled in Plaintiffs' Fourth Amended Complaint are civil claims for relief based on Montana statutes, common law, or equity. Thus, the District Court unquestionably has subject matter jurisdiction over those claims as a threshold matter of law. We hold that the District Court did not erroneously deny the County's Rule 12(b)(1) motion to dismiss the asserted County claims due to lack of subject matter jurisdiction.

¶9     In contrast to the limited focus of M. R. Civ. P. 12(b)(1), the distinct focus of a Rule 12(b)(6) motion to dismiss is whether an asserted claim for relief "is facially sufficient to state a cognizable legal claim entitling the claimant to relief on the facts pled." *Stowe*, ¶ 12 (internal citations omitted). Whether an asserted claim is facially sufficient to state a cognizable claim entitling the claimant to relief on the facts pled "is a question of substantive law on the merits" rather than a threshold issue of subject matter jurisdiction or related justiciability. *Larson*, ¶ 19 (internal citations omitted).

¶10     Here, though styled as a Rule 12(b)(1) motion to dismiss, the County's motion in substance asserts that the County claims pled in Plaintiffs' Fourth Amended Complaint fail to state legally cognizable claims because no express or implied right or remedy exists for private enforcement of the statutory duties and requirements asserted as the legal predicates for those claims. Thus, rather than a Rule 12(b)(1) motion to dismiss due to lack of subject matter jurisdiction, the County's motion to dismiss the asserted County claims is in

8

substance a Rule 12(b)(6) motion to dismiss due to failure to state a claim for which relief may be granted.

¶11 While denials of Rule 12(b)(1) motions to dismiss due to lack of subject matter jurisdiction are immediately appealable, denials of Rule 12(b)(6) motions to dismiss are generally not appealable until after final judgment. M. R. App. P. 6(1), 6(3)(c), and 6(5)(d). We have discretion, in the interest of judicial economy "or for other good cause shown," to suspend M. R. App. P. 6(5)(b) to consider a denial of a related Rule 12(b)(6) motion on interlocutory appeal of a Rule 12(b)(1) motion. M. R. App. P. 29. We generally will not do so, however, in the absence of extraordinary, compelling circumstances "beyond simply requiring a party to proceed to trial." *Pickett v. Cortese*, 2014 MT 166, ¶¶ 22-23, 375 Mont. 320, 328 P.3d 660 (declining to suspend rules to review denial of pretrial motions to exclude unpled claims and for summary judgment incident to interlocutory review of Rule 12(b)(1) motion). *Accord Ballas*, ¶¶ 14 and 17 (declining to suspend rules to review otherwise unappealable standing issue incident to review of pretrial denial of Rule 12(b)(1) motion). *Compare Durden v. Hydro Flame Corp.*, 1998 MT 47, ¶ 17, 288 Mont. 1, 955 P.2d 160 (discretionary post-trial review of otherwise unappealable order granting judgment as a matter of law incident to review of immediately appealable order granting new trial in order to avoid "near certainty" of second appeal or second trial). Thus, "we will not allow a party's characterization of an issue to eclipse its substance, nor will we allow parties to relitigate a district court's ruling merely because the appealing party has stylized the issue on appeal as one of subject matter jurisdiction." *Ballas*, ¶ 17.

9

¶12 Here, as in *Pickett* and *Ballas*, this case has yet to go to trial and is still in a relatively early stage of litigation under Plaintiffs' Fourth Amended Complaint.[4] As acknowledged by the County, consideration of Rule 12(b)(6) issues is a "distinct . . . analytical step[]" apart from Rule 12(b)(1) consideration. While the District Court's Rule 12(b)(1) ruling seemingly touches on the substantive cognizability of Plaintiffs' statute-based claims, neither the parties nor the court have squarely analyzed them through the lens of M. R. Civ. P. 12(b)(6). Nor did the court consider the Rule 12(b)(6) sufficiency of Plaintiffs' related constitutional and common law claims as pled[5] or, *inter alia*, the relationship between § 15-1-406(5), MCA (exclusive declaratory judgment remedy "concerning a tax authorized by" law) and Plaintiffs' related Uniform Declaratory Judgment Act claims.[6] Under these circumstances, we decline to engage in a de novo Rule 12(b)(6) review of the substantive sufficiency of the asserted County claims before the parties and District Court have had the opportunity to consider them in that regard. As in *Pickett*, the interests of avoiding the time, burden, and cost of litigation in the ordinary

---

[4] Discovery is currently stayed pending interlocutory appeals here and in a separate appeal.

[5] Such as, for example, whether § 7-6-4005, MCA, by its terms even applies to alleged violations of § 15-1-402(4)(a), MCA.

[6] Whether the County intends and, if so, has procedurally preserved the right to later assert Rule 12(b)(6) challenges to claims asserted in Plaintiffs' Fourth Amended Complaint is unclear and in any event not properly before us here. See M. R. Civ. P. 12(b)(6); County's asserted opposition here and below to Rule 12(b)(6) consideration of asserted 12(b)(1) defects; County's Answer to Fourth Amended Complaint, filed October 2, 2019; and County's Rule 12(b)(6) motion to dismiss, filed March 31, 2017, regarding claims asserted in Plaintiffs' initial complaint. Alternatively, see M. R. Civ. P. 56.

10

course is not a sufficiently compelling reason alone to warrant extraordinary suspension of M. R. App. P. 6(1) and 6(5)(b) in this case.

## CONCLUSION

¶13 Without prejudice to issues properly preserved and raised pursuant to M. R. Civ. P. 12(b)(6), we hold that the District Court did not erroneously deny the County's Rule 12(b)(1) motion to dismiss the asserted County claims due to lack of subject matter jurisdiction. Affirmed and remanded for further proceedings.

/S/ DIRK M. SANDEFUR

We concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ INGRID GUSTAFSON
/S/ JIM RICE