DA 21-0141

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 279

FILED

11/02/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0141

SAMANTHA VULLES, SHERI ESTENSON, et al.,

Plaintiffs and Appellants,

v.

THIES & TALLE MANAGEMENT, INC.,
THIES & TALLE ENTERPRISES, INC.,
ALMANOR INVESTORS LIMITED
PARTNERSHIP and JOHN DOES 1-4,

Defendants and Appellees.

FILED

NOV 02 2021

Bowen Greenwood
Clerk of Supreme Court
State of Montana

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDV-2020-587
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

Christopher W. Froines, Froines Law Office, PC, Missoula, Montana

For Appellees:

Ben Kappelman, Dorsey & Whitney LLP, Missoula, Montana

Submitted on Briefs:  October 6, 2021

Decided:  November 2, 2021

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Plaintiffs-Appellants are tenants who have alleged that Defendants-Appellees, the landlords of the apartments Plaintiffs leased, included illegal provisions in Plaintiffs' lease agreements. They appeal the First Judicial District Court's February 23, 2021 Order dismissing the majority of their claims under M. R. Civ. P. 12(b)(6), and denying their request for class action certification.

¶2 We reach the following issue:

*Did the District Court err by dismissing Plaintiffs' request for class certification?*

¶3 We affirm in part and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Plaintiffs-Appellants Samantha Vulles (Vulles), Sheri Estenson (Estenson), and Helena Dulaney (Dulaney), (collectively "Plaintiffs,") live in apartment complexes in Helena owned and operated by Defendants-Appellees Thies & Talle Management, Inc., Thies & Talle Enterprises, Inc., and Almanor Investors Limited Partnership, (collectively "Defendants"). Thies & Talle Management, Inc. and Thies & Talle Enterprises, Inc. are incorporated in Minnesota and allegedly employed lease agreements with Plaintiffs based upon Minnesota law. Plaintiffs allege their leases contained multiple provisions violating Montana law, primarily the Montana Residential Landlord-Tenant Act (MRLTA), Title 70, chapter 24, MCA. Plaintiffs' Complaint alleged negligence and/or tortious breach of the covenant of good faith and fair dealing, violation of the Montana Consumer Protection Act (MCPA) under Title 30, chapter 14, part 1, MCA, and actual and statutory damages for

2

violations of the MRLTA under § 70-24-403, MCA. Their Complaint also sought certification as a class action under M. R. Civ. P. 23 to include other tenants who entered into similar lease agreements with Defendants.

¶5 In response to Defendants' M. R. Civ. P. 12(b)(6) Motion to Dismiss for failure to state a claim upon which relief can be granted, the District Court dismissed all of Vulles's and Estenson's claims as time barred. The District Court also dismissed Dulaney's claim for negligence and/or tortious breach of the covenant of good faith and fair dealing. However, the District Court denied dismissal of the MCPA claim and the MRLTA damages claim as to Dulaney, leaving these as the only remaining claims in the action. The District Court denied Plaintiffs' request for class certification. Defendants filed a notice of entry of judgment stating a "final judgment" had been entered. Plaintiffs appeal the District Court's Order.[1]

## STANDARD OF REVIEW

¶6 We review a district court's ruling on a motion for class certification for abuse of discretion. *Kramer v. Fergus Farm Mut. Ins. Co.*, 2020 MT 258, ¶ 11, 401 Mont. 489, 474 P.3d 310. "The abuse of discretion question 'is not whether this Court would have reached the same decision, but, whether the district court acted arbitrarily without conscientious

---

[1] After entry of the District Court's Order on Motion to Dismiss on February 23, 2021, Defendants filed their Notice of Entry of Judgment on March 11, 2021, along with their Answer to the Complaint. On March 17, 2021, the District Court issued a minute entry setting a scheduling conference for April 23, 2021. There is no indication in the record that the scheduling conference occurred. On May 22, 2021, Plaintiffs filed a notice of appeal.

3

judgment or exceeded the bounds of reason.'" *Chipman v. Northwest Healthcare Corp.*, 2012 MT 242, ¶ 17, 366 Mont. 450, 288 P.3d 193 (quoting *Newman v. Lichfield*, 2012 MT 47, ¶ 22, 364 Mont. 243, P.3d 625). For class certification cases, "the district court's judgment should be accorded the greatest respect because it is in the best position to consider the most fair and efficient procedure for conducting any given litigation." *Chipman*, ¶ 17 (citations omitted).

## DISCUSSION

¶7    As a preliminary matter, we address the procedural posture of this appeal. Generally, a district court's ruling on a Rule 12(b)(6) motion to dismiss is appealable only after entry of a final judgment upon adjudication of all matters in the litigation. *Gottlob v. DesRosier*, 2020 MT 210, ¶ 11, 401 Mont. 50, 470 P.3d 188. Cases "involving multiple parties or multiple claims for relief, an order or judgment which adjudicates fewer than all claims as to all parties, and which leaves matters in the litigation undetermined," are not appealable. M. R. App. P. 6(5)(a). Here, Plaintiffs have improperly attempted to appeal such an order. For their part, the Defendants improperly filed a notice of entry of judgment stating a final judgment had been entered. Because the District Court denied dismissal of two of Dulaney's claims, these claims remain "undetermined" in the pending litigation, and a final judgment has not yet been entered.[2] Nor has certification of the matter as a final judgment for purposes of appeal been sought or obtained under M. R. App. P. 6(6).

---

[2] This is, no doubt, the reason the District Court proceeded to set a scheduling conference after entry of its Order on Motion to Dismiss.

4

¶8 Consequently, the only ruling properly before this Court and reviewable is the District Court's denial of Plaintiffs' request for class certification, an appeal of which is permissible under the Rules. *See* M. R. App. P. 6(3)(d) ("an order permitting or refusing to permit an action to be maintained as a class action" is immediately appealable if it is the court's final ruling on the issue). For purposes of undertaking review of the permissibly appealable class certification issue, the current status of the record is that most of Plaintiffs' claims have been dismissed. Although the primary emphasis of Plaintiffs' appellate arguments is a challenge to the dismissal of these claims, those rulings are not properly before us in this interlocutory appeal.

¶9 *Did the District Court err by dismissing Plaintiffs' request for class certification?*

¶10 The District Court analyzed Plaintiffs' request for class certification set forth in their Complaint under the factors of M. R. Civ. P. 23(a). *See Chipman*, ¶ 43 ("The propriety of a class action is governed by Rule 23 of the Montana Rules of Civil Procedure"). The District Court determined Plaintiffs had "fail[ed] to establish the commonality and adequate representative requirements under Rule 23(a)(2)," and had failed "to establish that all members of the class suffered the same injury," citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350, 131 S. Ct. 2541 (2011).

¶11 Plaintiffs' only argument is that the District Court's class ruling was entered prematurely and thus "short-circuit[ed]" the certification process. Although acknowledging they requested class certification in their Complaint, Plaintiffs contend they would have met their burden to demonstrate the propriety of class certification by way of

5

a later motion to certify the class. The Defendants respond that the District Court acted properly to deny the certification request, citing *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007) ("[w]here it is facially apparent from the pleadings that there is no ascertainable class, a district court may dismiss the class allegation on the pleadings").

¶12 We give deference to the District Court's reasoning on class certification rulings because "it is in the best position to consider the most fair and efficient procedure for conducting any given litigation." *Chipman*, ¶ 17. "The class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action." *Wal-Mart*, 564 U.S. at 351, 131 S. Ct. 2541 (quoting *General Telephone Co. of Southwest* v. *Falcon*, 457 U.S. 147, 160, 102 S. Ct. 2364) (citations and internal quotation marks omitted). Here, the "factual or legal issues" comprising Plaintiffs' claims have been significantly narrowed by the District Court's dismissal of most of the claims, which, as noted, are not reviewable in this appeal. Consequently, we conclude the District Court did not abuse its discretion by holding Plaintiffs' certification request did not satisfy Rule 23(a)'s requirements. "We are particularly reluctant to interfere with discretionary orders in the early stages of litigation" and we "refrain from micromanaging [the district court's] administration of a class action." *Diaz v. State*, 2013 MT 219, ¶ 20, 371 Mont. 214, 308 P.3d 38.

¶13 Notably, the District Court's class determination was made at an early stage of the litigation and could be revisited, depending upon the advancement of the remaining claims

in further proceedings, and the ultimate disposition of the dismissed claims that are not properly before us in this appeal.

¶14    Affirmed and remanded for further proceedings.[3]

_____
Justice

We concur:

_____
Chief Justice

_____
_____
_____
Justices

---

[3] Defendants' Motion to strike portions of Plaintiffs' Reply Brief has been mooted by our holding herein.