FILED

05/30/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0615

MDA 22-0615

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 103N

LORI MONROE and
REBECCA ROSENBERGER,

        Petitioners,

     v.

TRA BOGGS,

        Respondent and Appellant.

TRA BOGGS, on behalf of himself
and his minor children, C.D.B. and T.J.B.,

        Counterclaimant,

     v.

LORI MONROE, REBECCA ROSENBERGER
and DAVID GORDON,

        Counterclaim Defendants
        and Appellees.

APPEAL FROM:    District Court of the Ninth Judicial District,
                   In and For the County of Glacier, Cause No. DR-2022-014
                   Honorable Robert G. Olson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

           Brian J. Miller, Morrison, Sherwood, Wilson, and Deola PLLP,
           Helena, Montana

For Appellees:

    Dawn Gray, Law Office of Dawn Gray, LLC, Cut Bank, Montana

Submitted on Briefs:  April 19, 2023

Decided:  May 30, 2023

Filed:

_____
Clerk

2

Justice Laurie McKinnon delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Tra Boggs (Boggs) appeals the Order Dismissing Counterclaims for lack of subject matter jurisdiction issued by the Ninth Judicial District Court, Glacier County.

¶3 Boggs is the natural father of C.D.B. and T.J.B. (the children) and a member of the Blackfeet Indian Tribe (Tribe). He resides in Cut Bank, Montana. Boggs has had custody of the children their entire lives. The children's natural mother, Chelsea Rosenberger (Chelsea), died in a car accident on December 13, 2021.

¶4 Chelsea's grandmother, Rebecca Rosenberger (Rebecca), lives within the exterior boundaries of the Blackfeet Reservation. Chelsea's aunt, Lori Rosenberger Monroe (Lori), also lives within the exterior boundaries of the Blackfeet Reservation. Both Rebecca and Lori are enrolled members of the Tribe. In the fall of 2020, Rebecca and Lori asked Boggs if they could visit the children. Boggs agreed, and the children spent one weekend with Rebecca and Lori at their residence in Browning, Montana. When the children returned to Boggs, they told him they did not want to return for another visitation.

¶5 Nonetheless, on January 11, 2021, Rebecca and Lori filed for custody of the children in Blackfeet Tribal Family Court. They claimed: "Tra Boggs, biological father, has a history of violen[ce] and had to undergo Court Ordered Angered Management and at the

3

time was charged with drug possession." Boggs denied the allegations against him, but informed the Tribal Court he was open to Rebecca and Lori having visitation with the children. The Tribal Court set the hearing for April 6, 2021. Boggs requested a continuance by phone on April 5, 2021, so he could obtain counsel. The Tribal Court did not continue the hearing. Boggs did not appear because he believed the hearing had been continued. At the hearing, the Tribal Court granted full custody to Rebecca and Lori. On April 7, 2021, Cut Bank Police, pursuant to the Tribal Court's order, removed the children from Boggs's mother's home in Cut Bank and gave them to Lori and Rebecca. Boggs filed a motion to reconsider the Tribal Court's custody determination on April 12, 2021. The Tribal Court set a hearing on his motion for May 6, 2021, but reset it to September 21, 2021. The Tribal Court did not return the children to Boggs but allowed him visitation.

¶6 On February 19, 2022, Boggs absconded with the children to Cut Bank and refused to return the children to Rebecca and Lori. The Tribal Court held Boggs in contempt as a result. Boggs filed a federal lawsuit against the City of Cut Bank, the Blackfeet Indian Reservation, and Lori.

¶7 On May 10, 2022, Rebecca and Lori filed a Petition to Recognize a Foreign Judgment in Glacier County District Court based on Boggs's refusal to follow the Tribal Court's custody order. They also filed an Amended Petition and Notice of Custody Order on May 19, 2022. Boggs responded and filed counterclaims, alleging abuse of process by Lori and Rebecca, asserting they used the process of the Tribal Court against the best interests of the children to "enrich themselves." Boggs also alleged Rebecca and Lori committed deceit when they implied and argued that the best interests of the children would

4

be served by placing them in Rebecca's and Lori's care and that Boggs is an unfit parent. Boggs further claimed that his former attorney and Lori's attorney in the current proceedings, David Gordon (Gordon), engaged in attorney deceit when he did not inform Boggs that the Tribal Court had denied his motion for a continuance.

¶8 On August 10, 2022, Boggs filed a response opposing the motion for foreign judgment. On October 7, 2022, the District Court dismissed Boggs's counterclaims for lack of subject matter jurisdiction. The District Court held it did not have "jurisdiction over torts that occurred entirely on the Blackfeet Indian Reservation."

¶9 A court's determination as to its jurisdiction is a conclusion of law, which is reviewed de novo. *Bunch v. Lancair Intl., Inc.*, 2009 MT 29, ¶ 15, 349 Mont. 144, 202 P.3d 784. A court may address the question of its subject matter jurisdiction sua sponte. *Stanley v. Lemire*, 2006 MT 304, ¶ 32, 334 Mont. 489, 148 P.3d 643.

¶10 Subject matter jurisdiction refers to the court's power to hear and adjudicate a case. *Ballas v. Missoula City Bd. of Adjustment*, 2007 MT 299, ¶ 12, 340 Mont. 56, 172 P.3d 1232. In Montana, subject matter jurisdiction is derived from Article II, Section 4, of the Montana Constitution which states that district courts have jurisdiction over "all civil matters and cases at law and in equity." Mont. Const. art. VII, § 4(1); *Gottlob v. DesRosier*, 2020 MT 210, ¶ 8, 401 Mont. 50, 470 P.3d 188. A claim may be dismissed for lack of subject matter jurisdiction. M. R. Civ. P. 12(b)(1).

¶11 Indian tribes are domestic dependent nations that exercise inherent sovereign authority over their members and territories; that is, tribes may make laws to govern their internal affairs and social relations. *Okla. Tax Comm'n v. Potawatomi Tribe*, 498 U.S. 505,

509, 111 S. Ct. 905, 909 (1991).  Allowing states to decide issues that are committed to tribal courts, impermissibly infringes on the rights of tribes to maintain control over the internal relations of its members and of its members to be governed by their sovereign. *Williams v. Lee*, 358 U.S. 217, 220, 79 S. Ct. 269, 271 (1959).

¶12    Determining subject matter jurisdiction of tribal affairs is based on two factors: (1) whether the exercise of jurisdiction by a state court or regulatory body is preempted by federal law, or (2) whether it infringes on tribal self-government.  *In re Estate of Gopher,* 2013 MT 264, ¶ 12, 372 Mont. 9, 310 P.3d 521 (citing *In re Estate of Big Spring*, 2011 MT 109, ¶ 46, 360 Mont. 370, 255 P.3d 121).  This Court has held that "[t]he exercise of state jurisdiction over activities occurring entirely on Indian lands is an infringement on inherent tribal authority and is contrary to principles of self-government and tribal sovereignty." *Flat Ctr. Farms, Inc. v. State*, 2002 MT 140, ¶ 13, 310 Mont. 206, 49 P.3d 578.

¶13    Here, the tortious conduct Boggs alleges in his counterclaims relate to custody proceedings occurring solely on the Blackfeet Reservation and only within the jurisdiction of the Tribal Court.  The assertions made by Rebecca and Lori at the custody hearing (*i.e.*, the children would be best served within their custody and that Boggs is an unfit parent) and Boggs's allegations that Rebecca and Lori committed fraud and deceit in front of the Tribal Court all occurred during legal proceedings on the Blackfeet Reservation in Tribal Court.  Lori's conduct (*i.e.*, removing the children from the home in Cut Bank) that formed the basis of Boggs's abuse of process claim was pursuant to the custody order issued by the Tribal Court.  Lastly, Gordon's alleged conduct constituting attorney deceit (*i.e.*, not informing Boggs that the Tribal Court denied the motion for a continuance) also took place

6

in the Tribal Court proceedings. The District Court properly dismissed these proceedings for lack of subject matter jurisdiction because the alleged torts occurred either on the Blackfeet Indian Reservation or arose out of legal proceedings in Tribal Court. Accordingly, Boggs has no remedy in State court.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.

¶15 Affirmed.

/S/ LAURIE McKINNON

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR