FILED

11/14/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0132

DA 22-0132

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 217N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

MATTHEW ROBERT ALLEN,

      Defendant and Appellant.

APPEAL FROM:   District Court of the Nineteenth Judicial District,
                 In and For the County of Lincoln, Cause No. DC-21-35
                 Honorable Matthew J. Cuffe, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

      Nathan D. Ellis, Ellis Law, PLLC, Helena, Montana

      For Appellee:

      Austin Knudsen, Montana Attorney General, Bjorn Boyer, Assistant
      Attorney General, Helena, Montana

      Marcia Boris, Lincoln County Attorney, Jeffrey Zwang, Deputy
      County Attorney, Libby, Montana

Submitted on Briefs:  August 30, 2023

Decided:  November 14, 2023

Filed:

_____
                   Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, we decide this case by memorandum opinion. It shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Matthew Robert Allen appeals the Nineteenth Judicial District Court's judgment imposing a three-year commitment to the Montana Department of Corrections (DOC) after Allen was convicted by a Lincoln County jury of criminal possession of dangerous drugs. Allen also challenges the court's imposition of fees and costs. We affirm Allen's sentence and remand to the District Court to strike imposition of the fees and costs.

¶3 On March 4, 2021, Lincoln County Sheriff's Office Detective Holzer stopped Allen for driving with excessive speed and a malfunctioning brake light. Detective Holzer recognized Allen as someone involved in controlled drug purchases on previous occasions when Allen was not the target but was present during the transactions. Allen refused to roll down the windows of his vehicle and give Detective Holzer his driver's license, registration, and proof of insurance. Detective Holzer observed that Allen had a Pitbull in the backseat of his vehicle showing signs of aggression. Detective Holzer called for a second officer; Deputy Fisher arrived and took over the investigation.

¶4 Allen initially refused to provide Deputy Fisher with his driver's license, registration, and proof of insurance but eventually handed it to him. After Allen lowered

2

his vehicle's window about five inches, Deputy Fisher detected a strong odor of marijuana coming from inside the vehicle. He asked Allen to step out of the vehicle to perform a field sobriety test; Allen refused several times but eventually complied. After observing several indicators of impairment, Deputy Fisher requested a sample of Allen's blood, which Allen refused. Deputy Fisher arrested Allen and transported him to the Lincoln County Detention Facility.

¶5 Detective Holzer requested a narcotics dog to respond to the scene. The dog alerted to the presence of drugs in Allen's vehicle. Detective Holzer seized the truck and had it towed to the Sheriff's Office pending a search warrant. The next day, Detective Holzer obtained a search warrant for Allen's vehicle and discovered a syringe in the glovebox containing a clear liquid later confirmed to be methamphetamine.

¶6 The State charged Allen with felony criminal possession of dangerous drugs, in violation of § 45-9-102, MCA; misdemeanor driving under the influence of alcohol or drugs (DUI), in violation of § 61-8-401, MCA; and misdemeanor obstructing a peace officer or public servant, in violation of § 45-7-302, MCA. The State later moved to dismiss the DUI charge due to the unavailability of a material witness, which the District Court granted. Allen's case proceeded to trial on the remaining two charges of criminal possession of dangerous drugs and obstructing a peace officer. The jury found Allen guilty of both counts.

¶7 On January 6, 2022, Probation and Parole Officer Watson filed a presentence investigation report (PSI). The PSI listed Allen's employment status as "disabled" and

3

noted that Allen receives $760 in Social Security Disability Income (SSDI) payments each month. The PSI also listed Allen's criminal history dating back to 1989, which includes nine misdemeanors and numerous traffic violations. Under the psychological information section, the PSI noted that, with Allen's consent, Officer Watson spoke with Allen's therapist, Mavis Vaillancourt. She reported that Allen did not want to take his prescribed medication, preferring instead to self-medicate with marijuana.

¶8 The District Court held a sentencing hearing the following week. Allen did not raise any factual inaccuracies in the PSI, but he noted that his only source of income was his SSDI payments and objected to the recommended financial conditions of his sentence. The court confirmed that Allen does not own a home and is "in the process" of buying a vehicle. The State called Officer Watson to testify to the PSI. Officer Watson stated the following about his PSI interview with Allen:

> He made it clear that he wouldn't comply with the rules of probation and that he doesn't answer to anybody. Specifically he said that he would have firearms at his residence, and me and my supervisor, David Dowell were trying to explain to him that there are certain conditions he'd have to follow. At one point we made a comment, well, it's a violation of federal law and state probation. And he made a comment, well, ATF will have to come take my firearms away.

¶9 The State recommended that Allen be committed to the DOC for three years for the criminal possession of dangerous drugs conviction and given a concurrent six-month suspended sentence for the obstruction conviction. The State acknowledged that it was Allen's first felony conviction for a drug-related offense, for which defendants are presumed to be entitled to a deferred imposition of sentence. It argued, however, that there

4

were substantial aggravating circumstances that justified Allen's commitment to the DOC. Allen requested a deferred sentence and objected again to imposition of the fees, stating that he did not have the ability to pay.

¶10 Noting that it had heard the testimony at trial and reviewed the PSI, the District Court commented on the difficulties the officers had in getting the PSI, the circumstances surrounding the PSI, and the concerns of Officer Watson. The court then stated,

> This is a difficult one for me, Mr. Allen. I believe that you do need some mental health help . . . and so, I think the best course of action and the only way that I can see to get that in a scenario where you are in a position where you can utilize that, take advantage of that, and have that available to you is through the Department of Corrections.

¶11 The court then sentenced Allen to a three-year DOC commitment for the criminal possession of dangerous drugs conviction and ordered a mental health evaluation. Immediately following the pronouncement of that sentence, Allen had an outburst—shouting at the court and refusing to follow the directives of law enforcement—requiring that he be restrained. The court quickly imposed a six-month concurrent suspended sentence for the obstruction conviction, and Allen was removed from the courtroom. The court did not impose fines or costs before it adjourned.

¶12 In the written judgment, the court recognized the presumption of a deferred sentence for a first felony drug possession conviction but made the following findings:

> 2. Here, at the time of arrest, Defendant was encouraging his dog to be aggressive to law enforcement. Defendant's son had to come to the scene to retrieve the dog. He advised law enforcement to stay back as he did not know how the dog would respond to law enforcement.

3. In responding to the PSI Defendant was defiant and continued with his behavior indicating he would not comply with any conditions of community supervision.

4. Defendant specifically stated he would not recognize any authority over him and would not comply with any terms or conditions of community supervision.

5. Additionally, Defendant continued this behavior at his sentencing hearing. He shouted at the Court. He refused to follow the directives of the Court and law enforcement. He had to be restrained and removed from the Court all while he was shouting. It took multiple officers to remove him.

6. These factors all rebut the presumption to be entitled to a deferred imposition of sentence of imprisonment. Community safety and in order to enforce a just punishment [sic], a commitment is required.

¶13 The District Court's written judgment imposed no fines but included numerous fees and costs, totaling $3,729.31. The fees included a $15 surcharge on the fine for each felony offense, a $100 victim and witness advocate surcharge, a $10 court information technology fee, an $800 public defense counsel fee, a $50 PSI fee, and $2,754.31 for the costs of jury service, prosecution, and pretrial services.

¶14 When a defendant's sentence is reviewable by the Sentence Review Division—that is, if the defendant is sentenced to one year or more of actual incarceration—this Court reviews sentences for legality only. *State v. Herd*, 2004 MT 85, ¶ 22, 320 Mont. 490, 87 P.3d 1017; *State v. Montoya*, 1999 MT 180, ¶ 15, 295 Mont. 288, 983 P.2d 937. "We determine legality by considering only 'whether the sentence falls within the statutory parameters, whether the district court had statutory authority to impose the sentence, and whether the district court followed the affirmative mandates of the applicable sentencing statutes.'" *State v. Steger*, 2021 MT 321, ¶ 7, 406 Mont. 536, 501 P.3d 394 (quoting *State*

*v. Ingram*, 2020 MT 327, ¶ 8, 402 Mont. 374, 478 P.3d 799). "In our discretion, we may also invoke plain error review to 'review an unpreserved objection if it implicates a fundamental constitutional right and plain error review is necessary to avoid a manifest miscarriage of justice, leaving an unsettled question regarding the fundamental fairness of the proceeding, or otherwise compromising the integrity of the judicial process.'" *State v. Tippets*, 2022 MT 81, ¶ 9, 408 Mont. 249, 509 P.3d 1 (quoting *State v. Trujillo*, 2020 MT 128, ¶ 6, 400 Mont. 124, 464 P.3d 72). "To invoke plain-error review, we still require the assertion of plain error to be raised and argued on appeal." *State v. Strizich*, 2021 MT 306, ¶ 33, 406 Mont. 391, 499 P.3d 575 (internal quotations and citations omitted).

¶15    Allen argues that his sentence is illegal because the District Court took improper evidence into consideration when it determined that substantial aggravating circumstances negated the presumption of a deferred sentence under § 45-9-102(3), MCA, thereby failing to comply with the governing statutory parameters and requirements of the sentencing statute.  Allen alleges that the District Court violated his equal protection and due process rights, respectively, because its "main basis" for committing him to the DOC was Allen's mental health, and it relied on hearsay evidence from a police report within the PSI.  Allen also contends that the District Court erred by including in its written judgment events that occurred after the pronouncement of the oral sentence.

¶16    The State argues that Allen's sentence is legal because Allen's three-year DOC commitment was within the statutory parameters of § 45-9-102(2), MCA.  The State therefore maintains that Allen's claims are not entitled to further review.  On the merits,

7

the State contends that the District Court properly relied on the entire record, including the evidence at trial, the PSI, Officer Watson's testimony at sentencing, and Allen's statement to find sufficient evidence to rebut the statutory presumption of a deferred sentence.

¶17 A person convicted of criminal possession of dangerous drugs may be sentenced to a term not to exceed five years at the Montana State Prison and a fine not to exceed $5,000, or both. Section 45-9-102(2), MCA. A defendant convicted of a first violation of criminal possession of dangerous drugs is statutorily entitled to a presumption of a deferred imposition of imprisonment under § 45-9-102(3), MCA. This presumption may be overcome, however, by evidence of "substantial aggravating circumstance[s]." *State v. Wilkes*, 2021 MT 27, ¶ 18, 403 Mont. 180, 480 P.3d 823 (citation omitted).

¶18 Although Allen did not preserve most of his claims for appeal, we recognize an exception that allows appellate review of a criminal sentence alleged to be illegal, even if the defendant raised no objection in the trial court. *Tippets*, ¶ 12 (citing *State v. Lenihan*, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979)). Alone, however, a sentencing court's failure to abide by a statutory requirement constitutes an objectionable sentence, not necessarily an illegal one that would invoke the *Lenihan* exception. *Tippets*, ¶ 12 (citation omitted).

¶19 Before the District Court, Allen made no objection to the court's consideration of his mental health or of other statements in the PSI. Allen's sentence falls within the statutory parameters of § 45-9-102(2), MCA. The District Court followed the affirmative mandates of the sentencing statute when it recognized the presumption afforded by

8

§ 45-9-102(3), MCA, and considered whether to apply it. The court's judgment makes clear that it considered the entire record and articulated reasons other than Allen's mental health to find the presumption of a deferred sentence had been overcome. We conclude that Allen failed to preserve an argument that the District Court considered improper evidence in determining his sentence. Allen does not ask this Court to conduct plain error review. We decline to consider his arguments about evidence on which the court relied in fashioning the sentence. The court did not impose an illegal sentence.

¶20 Allen next argues that the District Court imposed an illegal fine when it failed to consider all the required factors determining a defendant's ability to pay under § 46-18-231(3), MCA. The State concedes that the fees and costs should be stricken from the judgment because they were not imposed at the sentencing hearing.

¶21 A district court's oral pronouncement of a criminal sentence "is the 'legally effective sentence and valid, final judgment.'" *State v. Thompson*, 2017 MT 107, ¶ 8, 387 Mont. 339, 394 P.3d 197 (quoting *State v. Johnson*, 2000 MT 290, ¶ 15, 302 Mont. 265, 14 P.3d 480). "A district court may not substantively increase a defendant's orally imposed criminal sentence in the subsequent written judgment." *State v. Reynolds*, 2017 MT 317, ¶ 33, 390 Mont. 58, 408 P.3d 503 (citing *Johnson*, ¶ 24).

¶22 At sentencing, the District Court inquired about Allen's financial resources after Allen objected to the imposition of costs. The court confirmed that Allen's only source of income was his SSDI pension and asked about his vehicle, on which Allen still has an outstanding loan. After committing Allen to the DOC, the court did not orally impose any

financial obligations. The court first imposed the financial obligations in its written judgment. In doing so, the court abused its discretion by substantively increasing Allen's orally imposed criminal sentence in the written judgment. *Johnson*, ¶¶ 38-40 (holding that where the district court's written judgment included a "cost of prosecution" absent from the oral pronouncement of sentence, the court unlawfully increased the defendant's sentence). We conclude that the court improperly included financial obligations in its written judgment when it had not mentioned them in the oral pronouncement of sentence.

¶23 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review. We affirm Allen's three-year commitment to the DOC and remand to the District Court to strike the financial conditions of Allen's sentence.

/S/ BETH BAKER

We Concur:

/S/ MIKE McGRATH
/S/ JAMES JEREMIAH SHEA
/S/ JIM RICE

10