DA 06-0750

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 299

JERREL D. BALLAS AND MICHELE BALLAS,

        Plaintiffs and Appellees,

  v.

MISSOULA CITY BOARD OF ADJUSTMENT; MISSOULA
OFFICE OF PLANNING AND GRANTS; CITY OF
MISSOULA, MONTANA; JAMES ANTHONY TERZO and
JENNIFER ELIZABETH TERZO, husband and wife,

        Defendants,

ANTHONY J. TERZO, JR. and MYRNA S. TERZO, husband
and wife, and 216, LLC, a Montana limited liability company,

        Defendants and Appellants.

APPEAL FROM:    District Court of the Fourth Judicial District,
                In and For the County of Missoula, Cause No. DV 03-867
                Honorable James A. Haynes, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

        Darrel L. Moss, Sullivan, Tabaracci & Rhoades, Missoula, Montana

        For Appellees:

        Richard M. Baskett, Baskett Law Office, Missoula, Montana

        Charles E. McNeil and Alan McCormick, Garlington,
        Lohn & Robinson, Missoula, Montana

        James P. Nugent and Susan A. Firth, City Attorney's Office,
        Missoula, Montana

                      Submitted on Briefs:  September 19, 2007
                               Decided:  November 19, 2007

Filed:

_____
                        Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1     Anthony J. Terzo, Jr., Myrna S. Terzo, and 216, LLC (collectively, the Lot 14A Defendants) appeal from the District Court's denial of their motion for judgment on the pleadings based on lack of jurisdiction/standing.   We dismiss.

¶2     We restate the issue as follows:

¶3     Did the District Court err when it determined it had subject matter jurisdiction?

## BACKGROUND

¶4     In 2003, James and Jennifer Terzo (collectively, Terzo) owned two adjacent residential lots, Lot 14 and Lot 15, on South Avenue East in Missoula, Montana.   Each lot was zoned as R-1 single family residential and measured 30' x 139' (4,170 square feet).   A house straddled the two lots.   The City of Missoula approved Terzo's May 2003 request to reconfigure the properties' boundary line to create two lots measuring 60' x 69.5' (4,170 square feet each), presently known as Lot 14A and Lot 15A.   The reconfiguration's effect was to place the original residence entirely on Lot 14A.   The Missoula Office of Planning and Grants (OPG) then granted Terzo's application for a building permit to construct a house on Lot 15A.

¶5     Jerrel and Michele Ballas (collectively, Ballas), Terzo's next-door neighbors, appealed to the Missoula City Board of Adjustment (BOA), contesting the building permit's issuance.   Ballas contended that a Missoula City Ordinance required a minimum lot area of 5,400 square feet for a residential structure; thus, because Terzo's lots were each 4,170 square feet, the building permit violated the City ordinance and should not be issued.    Ballas also argued that OPG incorrectly had determined the proper setback

2

required for Terzo's new house. BOA denied both appeals, and Ballas appealed to the District Court in October 2003.

¶6     In the midst of the ongoing litigation, Terzo generated a flurry of deeding activity. On June 29, 2004, Terzo conveyed Lots 14 and 15 to James Terzo's parents, Anthony J. Terzo, Jr. (Anthony) and Myrna S. Terzo (Myrna). A month later, Terzo issued a corrected deed, which conveyed Lots 14A and 15A to Anthony and Myrna. Terzo issued another corrected deed again conveying Lots 14A and 15A to Anthony and Myrna on September 20, 2004. That same day, Anthony and Myrna conveyed Lot 14A to 216, LLC, a Montana Limited Liability Company located at the same address as Anthony and Myrna.

¶7     On September 15, 2005, Ballas filed a supplemental complaint joining the Lot 14A Defendants as parties to the lawsuit. Anthony and Myrna then executed a quitclaim deed conveying any interest in Lot 15A to Terzo on September 29, 2005.

¶8     The Lot 14A Defendants then filed several motions including a motion for judgment on the pleadings for lack of subject matter jurisdiction. The Lot 14A Defendants appeal the District Court's denial of this motion.

## STANDARD OF REVIEW

¶9     A district court's decision to grant or deny a motion to dismiss a claim for lack of subject matter jurisdiction presents a question of law which we review for correctness. *Lurie v. Blackwell*, 285 Mont. 404, 407-08, 948 P.2d 1161, 1163 (1997). The inquiry is whether the complaint states facts that, if true, would grant the district court subject matter jurisdiction. *Barthule v. Karman*, 268 Mont. 477, 483, 886 P.2d 971, 975 (1994).

3

A district court's denial of a motion to dismiss for lack of subject matter jurisdiction is reviewable prior to final judgment. M. R. App. P. 6(3)(c). Our review is restricted to whether the district court correctly decided the limited question of subject matter jurisdiction.

## DISCUSSION

¶10 **Did the District Court err when it determined it had subject matter jurisdiction?**

¶11 The Lot 14A Defendants assert the District Court erred in determining that it had subject matter jurisdiction over them because Ballas failed to establish standing to challenge the boundary line relocation that created Lot 14A. The Lot 14A Defendants argue that Ballas "must have some basis under the law granting them standing, i.e., subject matter jurisdiction, to appeal or challenge the common boundary line relocation." The Lot 14A Defendants claim that Ballas has failed to establish standing; thus, they reason, the District Court erred in determining that it had subject matter jurisdiction.

¶12 Subject matter jurisdiction refers simply to a court's power to hear and adjudicate a case. *Harland v. Anderson Ranch Co.*, 2004 MT 132, ¶ 31, 321 Mont. 338, ¶ 31, 92 P.3d 1160, ¶ 31. District courts have original jurisdiction in all civil matters. Mont. Const. art. VII, § 4. Additionally, district courts are authorized to hear appeals from municipal board of adjustment decisions. Section 76-2-327, MCA. Ballas's First Amended Complaint appeals the Missoula BOA's denial of Ballas's challenges to OPG's issuance of Terzo's building permit. The District Court is statutorily authorized to hear

4

such appeals, and we conclude that the District Court has subject matter jurisdiction over this case.

¶13 The Lot 14A Defendants tie their lack of subject matter jurisdiction claim to their contention that Ballas lacks standing. The brief filed with the District Court contained no substantive challenges to the court's subject matter jurisdiction, but challenged only Ballas's standing. Similarly, on appeal, the Lot 14A Defendants reason that the District Court lacks subject matter jurisdiction because Ballas failed to satisfy the standing requirements.

¶14 The Lot 14A Defendants mistakenly link the requirement that a court have subject matter jurisdiction with the requirement that a plaintiff have standing to sue; though both are required, they are not interdependent. As discussed in ¶ 12, subject matter jurisdiction refers to a court's power to hear a particular type of case. Standing, on the other hand, refers to the threshold justiciability requirement that a plaintiff have a personal stake in a particular case. *Bowen v. McDonald*, 276 Mont. 193, 201, 915 P.2d 201, 206 (1996). If a plaintiff lacks standing, a court can grant no relief because a justiciable controversy does not exist. *Powder River County v. State*, 2002 MT 259, ¶ 101, 312 Mont. 198, ¶ 101, 60 P.3d 357, ¶ 101. A party's lack of standing, however, does not deprive a district court of its subject matter jurisdiction.

¶15 Perhaps some of the confusion stems from the broad nature of the term "jurisdiction." *Black's Law Dictionary* has defined jurisdiction as a "term of comprehensive import embracing every kind of judicial action. . . . It is the power of the court to decide a matter in controversy and presupposes the existence of a duly

constituted court with control over the subject matter and the parties." *Black's Law Dictionary* 853 (6th ed., West 1990) (citations omitted). Further, jurisdiction exists when a court has cognizance of the class of cases involved, the proper parties are present, and the points to be decided are within the court's powers. *Black's Law Dictionary* at 853 (citation omitted). Thus, the term "jurisdiction," when referred to generally, encompasses subject matter jurisdiction, personal jurisdiction, issue jurisdiction, and constitutional requirements, such as ripeness and standing.

¶16 Although a party's lack of standing can effectively divest a court of jurisdiction, or power, to resolve a case, the party's lack of standing does not affect a court's subject matter jurisdiction over the type of case. We recognized in *In re Parenting of D.A.H.* the close link between standing requirements and a court's jurisdiction, and we stated that a court "that would otherwise have jurisdiction to hear and decide a matter will not have jurisdiction if a person without standing attempts to bring the action." 2005 MT 68, ¶ 8, 326 Mont. 296, ¶ 8, 109 P.3d 247, ¶ 8; *see also Edwards v. Burke*, 2004 MT 350, ¶ 22, 324 Mont. 358, ¶ 22, 102 P.3d 1271, ¶ 22 (case dismissed for lack of jurisdiction based on party's lack of standing). We emphasize that a court lacks the power to resolve a case brought by a party without standing because such a party can present no actual case or controversy, not because the court has been stripped of its subject matter jurisdiction.

¶17 In this case, the District Court determined that Ballas had standing to challenge the boundary line relocation. In substance the Lot 14A Defendants appeal this determination. Though M. R. App. P. 6(3)(c) allows interlocutory appeals from an order denying a motion to dismiss for lack of subject matter jurisdiction, no such rule exists to challenge a

court's ruling on standing. Thus, the Lot 14A Defendants' appeal is premature. We refuse to review a district court's standing determination prior to final judgment. Additionally, we will not allow a party's characterization of an issue to eclipse its substance, nor will we allow parties to relitigate a district court's ruling merely because the appealing party has stylized the issue on appeal as one of subject matter jurisdiction. *Searight v. Cimino*, 238 Mont. 218, 222, 777 P.2d 335, 337 (1989).

¶18 We conclude the District Court has subject matter jurisdiction over this case, and we dismiss as premature the Lot 14A Defendants' appeal and remand to the District Court for further proceedings.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JOHN WARNER
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS