

DA 07-0118

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 313N

IN RE THE MATTER OF THE ESTATE OF
DARLENE J. WILCOCK, Deceased.

BRANDI WILCOCK and HOLLY WILCOCK,

      Plaintiffs and Appellants,

   v.

RANDY WAYNE JONES,

      Defendant and Appellee.


APPEAL FROM:    District Court of the Eleventh Judicial District,
                    In and For the County of Flathead, Cause No. DP 04-008A
                    Honorable Ted O. Lympus, Presiding Judge


COUNSEL OF RECORD:

      For Appellant:

            H. Deloyd Bailey, Attorney at Law, Monrovia, California
            Wm. Mies Faerber, Attorney at Law, Kalispell, Montana


      For Appellee:

            Matthew B. Thiel, Thiel Law Office, Missoula, Montana


                         Submitted on Briefs:  November 8, 2007

                                   Decided:  December 4, 2007

Filed:

_____
                          Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Report.

¶2      Appellants Brandi Wilcock (Brandi) and Holly Wilcock (Holly) appeal from the District Court's order dismissing their claim for lack of subject matter jurisdiction.  We affirm the District Court's order.

¶3      This appeal presents the issue of family values, or more appropriately, the value of one's family.  Someone murdered Darlene J. Wilcock (Darlene) in Kalispell, Montana, on April 16, 2003.  The State has yet to charge anyone with this crime.  Respondent Randy W. Jones (Jones) has denied any involvement.  Four siblings and both parents survive Darlene. Darlene's mother, Marla Friske (Friske), filed an Application for Informal Appointment of Personal Representative in Intestacy on January 15, 2004.  The District Court appointed Friske as personal representative for the Estate of Darlene Wilcock on January 15, 2004. *In the Matter of the Estate of Darlene J. Wilcock*, Cause No. DP-04-008(A).

¶4      Darlene purchased two separate life insurance policies shortly before her death. Each policy had a value of $250,000.  Both policies named Jones the primary beneficiary.  The policy issued by State Farm Life Insurance Company named Holly as a secondary beneficiary.  The Farmers New World Life Insurance Company policy named Brandi as a secondary beneficiary.

¶5	Brandi filed a pleading entitled "Original Complaint to Enforce Agreement between Brandi Wilcock and Randy W. Jones" in the probate action, Cause No. DP-04-008(A), on April 16, 2004. Holly filed a similar complaint under the same cause number on May 21, 2004. Both complaints allege that Brandi and Holly threatened to sue Jones for the life insurance proceeds. The complaints further allege that Jones entered into an agreement to divide the proceeds of the respective policies with Brandi and Holly. Neither the Estate, nor Darlene, had any involvement in these alleged agreements. Thus, the District Court faced the situation in which Brandi and Holly, neither of whom are personal representatives of the Estate or heirs to the Estate, have sued Jones, also a nonparty to the Estate, in the probate court.

¶6	Both insurers paid the full policy proceeds to Jones. Jones eventually deposited these proceeds with the Clerk of Court in Flathead County. The Estate claims entitlement to the full proceeds based upon § 72-2-813, MCA, which precludes one who feloniously and intentionally kills the decedent from sharing in the decedent's estate. The Estate alleges that Jones was criminally responsible for Darlene's death.

¶7	Jones raised the issue of the court's subject matter jurisdiction as an affirmative defense in response to the complaints filed by Holly and Brandi. Holly and Brandi filed a motion for summary judgment with respect to Jones's affirmative defense. Jones filed a separate motion to dismiss based upon the lack of the court's subject matter jurisdiction. The District Court denied the motion for summary judgment filed by Brandi and Holly and granted Jones's motion to dismiss. Brandi and Holly appeal.

3

¶8     Brandi and Holly argue on appeal that the probate court possesses subject matter jurisdiction to litigate the validity of the alleged agreement between Brandi and Holly to split the life insurance proceeds with Jones in light of the fact that Jones deposited the funds with the Clerk of Court. They argue that the Clerk of Court holds the insurance proceeds in trust for the Estate and thus they seek payment from Estate funds. They further contend that the Estate's notice asserting application of § 72-2-813, MCA, invokes the probate court's jurisdiction to litigate agreements settling disputes among beneficiaries of a decedent's life insurance proceeds.

¶9     Brandi and Holly further suggest that § 72-1-202, MCA, a provision of Montana's Uniform Probate Code, grants the court with subject matter jurisdiction over all matters relating to Darlene's estate. Finally, Brandi and Holly argue that the interests of justice compel the court to consider enforcement of their contracts with Jones to split the proceeds of Darlene's life insurance policies rather than dismiss the case.

¶10    Jones argues that the probate court lacks subject matter jurisdiction to decide the contract claim presented by Brandi and Holly regarding the agreement to divide Darlene's life insurance proceeds. Jones notes that Brandi and Holly sued in their individual capacity as parties not related to the Estate over the ownership of nonprobate assets. Jones further contends that he should be entitled to attorneys fees on appeal in light of the frivolous nature of the appeal pursued by Brandi and Holly.

¶11    A district court's decision to grant or deny a motion to dismiss a claim for lack of subject matter jurisdiction presents a question of law that we review for correctness. *Ballas v. Missoula City Brd. of Adjustment*, 2007 MT 299, ¶ 9, 340 Mont. 56, ¶ 9, ___ P.3d ___, ¶ 9.

4

We determine whether the complaint states facts that, if true, would grant the district court subject matter jurisdiction. *Ballas*, ¶ 9. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, that provide for memorandum opinions. It is manifest on the face of the briefs and record before us that settled Montana law clearly controls the legal issues and that the District Court correctly interpreted the law.

¶12 We affirm the District Court's order. We also deny Jones's request for attorneys fees on appeal.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE