FILED

05/24/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 21-0588

DA 21-0588

IN THE SUPREME COURT OF THE STATE OF MONTANA

2022 MT 102N

JADA KU,

      Plaintiff and Appellant,

  v.

MONTANA HUMAN RIGHTS BUREAU,

      Defendant and Appellee.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. ADV-2021-0147(d)
Honorable John W. Parker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Jada Ku, Self-Represented, Great Falls, Montana

      For Appellee:

          Michele L. Peterson-Cook, Quinlan L. O'Connor, Department of
Labor & Industry, Helena, Montana

Submitted on Briefs:  May 4, 2022

Decided:  May 24, 2022

Filed:

               _____
                            Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     In 2002, Appellant Jada Ku (then Jasoog Sanchez) filed a complaint against Great Falls Public Schools with the Montana Human Rights Bureau (HRB). She alleged that Great Falls Public Schools had discriminated against her due to her race. The HRB dismissed her complaint on timeliness grounds because under § 49-2-501(4), MCA, such complaints must be filed "within 180 days after the alleged unlawful discriminatory practice occurred or was discovered." The discrimination she alleged was beyond that timeframe. Ku appealed the HRB's dismissal to the Montana Human Rights Commission, which affirmed. Ku appealed that decision to district court, where it was affirmed, and she appealed the district court's order to this Court. We also affirmed. *Sanchez v. Great Falls Public Schools*, DA 03-338, 2003 MT 301N, 2003 Mont. LEXIS 760.

¶3     Over 17 years later, in March 2021, Ku filed a complaint in the Eighth Judicial District Court in Cascade County. This complaint alleged that the HRB had discriminated against her when it dismissed her Great Falls Public Schools claim years ago. The HRB filed a motion to dismiss under Montana Rule of Civil Procedure 12(b)(1). On November

2, 2021, the District Court issued an order granting the HRB's motion and dismissing Ku's case with prejudice. She appeals that decision to this Court, and we affirm.

¶4 Montana Rule of Civil Procedure 12(b)(1) addresses a court's subject-matter jurisdiction. Dismissal under this rule is warranted if a plaintiff's complaint fails to state "facts that, if true, would grant the district court subject matter jurisdiction." *Ballas v. Missoula City Bd. of Adjustment*, 2007 MT 299, ¶ 9, 340 Mont. 56, 172 P.3d 1232. We review a district court's decision on such a motion for correctness. *Ballas*, ¶ 9.

¶5 The Montana Human Rights Act, at Title 49, chapters 1-4, MCA, governs when district courts have subject matter jurisdiction to hear claims about discrimination based on race or other factors. A district court cannot hear such a claim until after the plaintiff has first filed it with the HRB. If the HRB dismisses a complaint, the filing party may then initiate an action in district court within 90 days. Section 49-2-512, MCA. Even if a complaint alleges discrimination by the HRB itself, the plaintiff must still follow the procedures in the Human Rights Act and file first with the HRB before appealing any dismissal to district court. The HRB typically transfers the investigation of claims against itself (which create a conflict of interest) to another agency like the Equal Employment Opportunity Commission.

¶6 Ku did not follow the Human Rights Act procedure by filing her complaint first at the HRB. She instead went directly to the District Court, which has no subject matter jurisdiction to hear such a case until the HRB has first issued a decision. Furthermore, Ku's complaint against the HRB regards alleged discrimination nearly 20 years ago. This is well beyond the 180-day period in which she would have needed to initiate an HRB

3

process that she could ultimately appeal to the District Court. The District Court was correct to grant the HRB's motion to dismiss here because it lacked subject matter jurisdiction to hear the case.

¶7 Ku requested an attorney and an interpreter for the District Court's hearing on this matter. The District Court arranged a Korean interpreter for Ku but did not appoint her an attorney. Ku raises this issue on appeal here, but the District Court's decision was correct. No statutory authority exists in Montana for a district court to appoint counsel in civil cases like Ku's. This Court has previously communicated that rule to Ku in orders regarding other appeals she has filed, such as in her 2021 case against Great Falls Public Library that was also dismissed because Ku did not follow the appropriate HRB process required by law. *Ku v. Great Falls Public Library*, DA 21-0111, 2021 MT 273N, 2021 Mont. LEXIS 841.

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶9 The District Court's November 2, 2021 order of dismissal is affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ BETH BAKER
/S/ INGRID GUSTAFSON

4