DA 22-0485

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 107N

FILED

06/06/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0485

KATHY WESTPHAL and DOUGLAS WESTPHAL,

      Plaintiffs and Appellants,

  v.

TODD KISSINGER, DEBORAH KISSINGER,
MICHAEL KISSINGER and MELISSA KISSINGER,

      Defendants and Appellees,

  and,

Linda Romano,

      Intervenor and Appellee.

APPEAL FROM:    District Court of the Eleventh Judicial District,
                   In and For the County of Flathead, Cause No. DV-19-310(B)
                   Honorable Robert B. Allison, Presiding Judge

COUNSEL OF RECORD:

      For Appellants:

          Evan F. Danno, Danno Law Firm, P.C., Kalispell, Montana

      For Appellees:

          Marcel A. Quinn, Thomas A. Hollo, Hammer, Quinn & Shaw, PLLC,
          Kalispell, Montana

          Christopher Di Lorenzo, Moore, Cockrell, Goicoechea & Johnson, P.C.,
          Kalispell, Montana

                       Submitted on Briefs:  March 29, 2023

                                 Decided:  June 6, 2023

Filed:

                                                         Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Kathy and Douglas Westphal (Westphals) appeal the District Court's denial of their motion to dismiss claims and counterclaims brought by Linda Romano (Romano) and Todd, Deborah, Michael, and Melissa Kissinger (Kissingers) (together, Appellees) for lack of subject matter jurisdiction, pursuant to M. R. App. P. 6(3)(c) (providing for interlocutory appeal of "an order denying a motion to dismiss for lack of subject matter jurisdiction"). Westphals argue the District Court erred by concluding it had subject matter jurisdiction over the contested claims, and ask this Court to reverse and dismiss the claims.  We affirm the interlocutory appeal issue and remand for further proceedings.

¶3      Westphals live on Five Deer Lane near Big Fork, Montana.  They are deaf and use service dogs to alert them to dangers and approaching vehicles.  They have been involved in several previous lawsuits pertaining to the possession, location, and scope of easements traversing their property.  The parties use different names for the roads at issue, but to the best of the Court's understanding, Five Deer Lane enters Westphals' property from the south, and travels northward through the property until reaching Angel Lake, at which point it turns westward and splits into "Upper" Five Deer Lane and "Lower" Five Deer Lane. Both of these roads travel west of Angel Lake, with Upper Five Deer Lane traveling further

to the west within Westphals' property and Lower Five Deer Lane running closer to the Lake. Kissingers owned property northwest of the Westphals' land but have since moved. Romano owns land north of the Westphals, separated by one neighbor who is currently not a party to this suit. As such, both the Kissingers and Romano currently utilize or have utilized both Upper and Lower Five Deer Lane through Westphals' property.

¶4 In 2019, the Westphals filed suit against Kissingers, alleging Kissingers intentionally drove fast and dangerously through their property, in disregard to Westphals and their service dogs, and hit one of Westphals' dogs. Westphals claimed civil assault, intentional nuisance, damages for their veterinary bills, general and punitive damages, and requested an injunction prohibiting Kissingers "from exceeding 10 MPH or driving dangerously" over their property. Kissingers' answer denied the allegations, and contended Westphals had interfered with Kissingers' use of their easement across Westphals' property, claiming tortious interference with easement rights, nuisance, a prescriptive easement, damages, and seeking injunctive relief from the interference. Romano intervened, alleging she held an express easement across Westphals' property created by a predecessor's deed, as well as a right to use the "upper road" granted under a settlement agreement that resolved a prior lawsuit. Romano contended Westphals had interfered with her easement rights, claimed tortious interference, nuisance, breach of contract, and trespass, and sought damages, injunctive relief, and a declaratory judgment that she held a 30' and a 60' easement through Westphals' property. Amendments to the pleadings added further claims regarding interference with and misuse of easement rights,

3

and Kissingers joined in asking for a declaratory judgment establishing a prescriptive easement through Westphals' property. The District Court denied several summary judgment and dismissal motions based upon res judicata, collateral estoppel, and the prior settlement agreement, and set the matter for trial.

¶5 Shortly before the scheduled trial, Westphals filed a motion to dismiss for lack of subject matter jurisdiction, arguing that Romano and Kissingers "failed to join as parties, all persons who have or claim any interest in the easements that would be affected by" the requested declaratory judgments about the easements. Westphals' motion stated that the dismissal request also "include[d] dismissal of all claims dependent on, or related to the easement claims, including Romano's claims for declaratory judgment, tortious interference with easement, breach of contract, and trespass on the easements, and Kissingers' claims for declaratory judgment for a prescriptive easement, tortious interference with easement rights, breach of contract, and trespass on the easements." The District Court denied the motion, and Westphals appeal.

¶6 We review a District Court's decision to grant or deny a motion for lack of subject matter jurisdiction for correctness. *Ballas v. Missoula City Bd. of Adjustment*, 2007 MT 299, ¶ 9, 340 Mont. 56, 172 P.3d 1232. Denial of a motion to dismiss for lack of subject matter jurisdiction is reviewable prior to final judgment, but this Court is confined to whether the district court correctly decided the limited question of subject matter jurisdiction. *Ballas*, ¶ 9.

4

¶7    In support of their jurisdictional argument, Westphals cite § 27-8-301, MCA, which provides, "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceeding." They also cite a 2011 district court decision that held the failure to join all interested parties in a declaratory action regarding an easement deprives a court of subject matter jurisdiction to render a declaratory judgment, and discuss decisions in two other jurisdictions that likewise concluded that the failure to join interested parties deprived those courts of subject matter jurisdiction.

¶8    The District Court first reasoned that the authority offered by the Westphals was not controlling in Montana "for the proposition that failure to join a necessary party in a declaratory judgment action deprives a court of subject matter jurisdiction," and concluded it had subject matter jurisdiction over this easement matter. We agree. As part of this Court's effort "to clarify the meaning of 'jurisdiction,'" *State v. Maine*, 2011 MT 90, ¶ 30, 360 Mont. 182, 255 P.3d 64, we have explained that "[subject matter] [j]urisdiction as applied to courts is the power or capacity *given by law* to a court to entertain, hear and determine the particular case or matter." *State v. Garrymore*, 2006 MT 245, ¶ 10, n.1, 334 Mont. 1, 145 P.3d 946 (emphasis in original; internal citation omitted). This clearly includes a district court's power to hear and determine easement declaratory matters. *See Ballas*, ¶ 12 ("District courts have original jurisdiction in all civil matters."). Indeed, that is the implication within § 27-8-301, MCA; while a declaration after a failure to make a person who claims an interest a party to the action would not "prejudice the rights" of such

5

person, nonetheless the declaration would be valid as to persons properly before the court. This illustrates the existence of subject matter jurisdiction because, without jurisdiction, the action would have to be dismissed altogether. Rather, the statute essentially ensures that a declaration does not extend to persons over which the court does not have personal jurisdiction.

¶9     As Appellees correctly argue, this issue extends only to the declaratory easement claims, as the other claims, stated above, are premised on alleged personal conduct between the parties and are separate from the easement rights claimed in the declaratory action. About the easement claims, Appellees argue the declaratory judgments they seek, "if ever applied to non-parties, would confirm said non-parties' easement rights, not prejudice them," and therefore these non-named persons are not necessary parties. However, *denial* of Appellees' declaratory claims in this litigation could undermine, at least as a practical matter, the claims of others who hold similar easement interests. Perhaps recognizing that potential, Appellees alternatively argue, "[i]f the Court determines other easement holders are necessary parties, the Kissingers and Ms. Romano should be allowed to add them or obtain waivers from them."

¶10     Section 27-8-301, MCA, does contemplate that all parties who have or claim an interest are to be made parties. *See John Alexander Ethen Trust Agreement v. River Res. Outfitters, LLC*, 2011 MT 143, ¶ 49, 361 Mont. 57, 256 P.3d 913 ("the court must join any person who has an interest that a declaratory judgment would affect"). We review a district court's ruling on joinder of other parties for abuse of discretion, which is based upon "[t]he

6

facts and circumstances of each case." *John Alexander Ethen Trust Agreement*, ¶ 49. In *John Alexander Ethen Trust Agreement*, we held that the District Court did not abuse its discretion by declining to join other landowners in boundary litigation because the court properly "determined that it could grant meaningful relief without joining other landowners along Flint Creek." *John Alexander Ethen Trust Agreement*, ¶ 51.

¶11 Here, the District Court correctly noted that the issue of necessary parties is distinct from subject matter jurisdiction, and reasoned, "[a]t this point Westphals have waived the affirmative defense of failure to join necessary parties." The basis of the District Court's waiver conclusion is not entirely clear from the Order, and it may be the court believed the proceeding had advanced too far by the time the motion was filed 20 days before trial to reasonably grant leave to add further parties.[1] However, we cannot resolve this issue in an interlocutory appeal limited to the denial of a motion to dismiss for lack of subject matter jurisdiction. Upon remand, the District Court may take up the necessary party issue and, upon any appeal after final judgment, this Court will review the issue, if raised, for abuse of discretion. *John Alexander Ethen Trust Agreement*, ¶ 49.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents no constitutional issues, and the District Court's interpretation of the law was correct. In

---

[1] We note that M. R. Civ. P. 12(h) does not include the failure to join a party under Rule 19 as a defense waivable by failure to include it in a responsive pleading.

the opinion of the Court, the case presents a question controlled by the clear application of applicable standards of review.

¶13 The District Court's denial of the motion to dismiss for lack of subject matter jurisdiction is affirmed, and this matter is remanded for further proceedings.

/S/ JIM RICE

We concur:

/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR